**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **LEISA MINOR** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. TMD 08-2175 |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Leisa Minor ("Plaintiff" or "Claimant") brought this action *pro se*[1] under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § § 401-433. Before the Court are Plaintiff's "Motion for Summary of Disability" (Paper No. 18), Defendant's Motion for Summary Judgment. (Paper No. 25), Plaintiff's Reply (Paper No. 30), and Defendant's Response to Plaintiff's Reply Brief (Paper No. 33). Subsequently, Plaintiff filed three additional papers in which she asserted additional argument and/or submitted new medical information or clarified existing medical information in the record. (Paper Nos. 35, 36 and 37). No hearing is deemed necessary. Local Rule 105.6 (D. Md.).

---

[1] Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro* se litigant to allow for the development of a potentially meritorious claims. *See Miller v. Barnhart*, 64 Fed. Appx. 858 (4th Cir. 2003).

1

## I. Procedural History

Plaintiff protectively filed her application for DIB on July 13, 2005 alleging disability since April 28, 2004 on the basis of fibromyalgia, muscle spasms and cramping in her body. R. at 16, 54-55.[2] The claim was denied initially and on reconsideration. R. at 25-29, 32-32A. Plaintiff subsequently requested a hearing, R. at 33, which was held before an administrative law judge ("ALJ") on June 6, 2007. R. at 262-94. At the hearing, the ALJ explained the right to representation but Plaintiff elected to proceed without counsel. R. at 265-67. She testified at the hearing along with a vocational expert ("VE"). In a decision dated June 29, 2007, the ALJ denied Plaintiff's request for benefits. R. at 16-24. The Appeals Council denied review on June 27, 2008 making this action ripe for review. R. at 5-7.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: complex tissue disease, affective disorder and fibromyalgia. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is not capable of performing her past relevant work. At step five, the ALJ concluded that given her residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform. Accordingly,

---

[2] The record also contains an application for supplemental security income (SSI) under Title XVI of the Social Security Act. Plaintiff apparently did not seek reconsideration of her SSI claim,

he concluded that Claimant was not disabled within the meaning of the Social Security Act. R. at 16-24.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff filed an opening three-page brief in this action stating that her fibromyalgia prohibits her from working because of fatigue, muscle and joint pain. (Paper No. 18). She asserts that her cramps and spasms cause extreme discomfort and, as a result, she is unable to work. She also attached a letter from her then treating physician, Dr. Kimberly Wallace, who

---

only her DIB claim.

opined that Claimant is unable to stand for longer than 20 to 30 minutes or to sit longer than an hour. Dr. Wallace's letter is dated February 28, 2009. (Paper No. 18 at attachment 1). Plaintiff asserts that the ALJ erred in finding that she is able to sit or stand for more than 8 hours and that she is able to lift 20 pounds.

Additionally, in response to the Commissioner's Motion for Summary Judgment, Plaintiff responds and provides the Court with medical records ranging from July 2004 through February 2007 which are not included in the record, nor were they submitted to the Appeals Council and made part of the record at that time. The Court will construe Plaintiff's informal brief to advance the argument that the Court should remand the case to the Commissioner in light of the additional evidence.[3]

Newly Submitted Evidence

Social Security regulations allow two types of remand. Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. *Melkonyan v. Sullivan,* 501 U.S. 89, 97 (1991). Where there is new medical

---

[3] In addition to the evidence mentioned above, Plaintiff also submitted new evidence to the Appeals Council for its review. R. at 8. The Appeals Council considered the evidence but decided it did not provide a basis for changing the ALJ's decision. *Id.* As a result, the court must review the record as a whole, including the new evidence, in order to determine if the Commissioner's decision is supported by substantial evidence. *Wilkins v. Secretary,* 953 F.2d 93, 96 (4th Cir.1991); *see also Palau v. Astrue*, Civil Action No. 2:08cv000512009 WL 1605597 at * 22 (W.D. Va. June 8, 2009) ("After review, the undersigned finds that the medical evaluation performed by Dr. Colton was considered and rejected by the Appeals Council, and was thus made part of the record. As such, the court is not permitted to remand based on the standard set forth in 42 U.S .C. § 405(g) sentence six and *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985) because sentence six applies specifically to evidence not incorporated into the record by either the ALJ or the Appeals Council" *citing Edwards v. Astrue,* Civil Action No. 7:07cv00048, 2008 WL 474128, at *8 (W.D.Va. February 20, 2008).

evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. *Melkonyan,* 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. *Id.* at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985) superseded by statute, 42 U.S.C. § 405(g), as recognized by *Wilkins v. Sec'y, Dept. of Health and Human Servs.,* 925 F.2d 769 (4th Cir.1991).[4] In *Borders,* the Fourth Circuit held that newly submitted evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and is not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence. *Borders*, 777 F.2d at 955.

---

[4] Though the court in *Wilkins* indicated in a parenthetical that *Borders*' four part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit has continued to cite *Borders* as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the *Borders* construction of § 405(g) is incorrect. *See Washington v. Comm'r of Soc. Sec.,* 2009 WL 86737 at *5 (E.D.Va.2009); *Brock v. Sec'y of Health & Human Servs.,* 807 F.Supp. 1248, 1250 n. 3 (S.D.W.Va.1992). Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent *Borders* inquiry. *See Bolin v. Astrue*, No. 2:09-cv-00117, 2010 WL 1176570 (Mar. 23, 1010 S.D. W. Va.).

With respect to the medical records ranging from July, 2004 through February, 2007, Plaintiff clearly made the requisite showing of the nature of the new evidence (the fourth prong of *Borders*) by attaching copies of the evidence to her briefs. *See, e.g. Sandy v. Astrue*, Civil Action No. 1:08CV120, 2009 WL 2006882 at *20 (N.D. W. Va. July 9, 2009) ("Plaintiff has clearly met the fourth requirement-he presented more than a general showing of the nature of the new evidence-he submitted to the Court the actual documents upon which he bases his motion."); *Norwood v. Astrue*, No. Civil Action No. 6:07cv023, 2008 WL 4130854 at * 3 (W.D. Va. August 27, 2008) (same). In addition, the Court finds that much of the evidence is relevant to Plaintiff's fibromyalgia condition during the relevant time frame and the Commissioner's decision "might reasonably have been different" had the new evidence been before him. For example, the evidence is replete with complaints of severe pain, muscle spasms and cramping. (Paper No. 30 at attachment 1). Indeed, this evidence is consistent with, and relevant to, Claimant's continued complaints of back pain both in her application for benefits, the record and in her testimony at the hearing. *See Meadows v. Sullivan*, No. 90-3158, 1991 WL 58447 (4th Cir. Feb. 12, 1991). While the Court acknowledges as the Commissioner points out that there are various notations in this new evidence indicating slight improvement at times, the overall impression is of an individual who consistently complained of pain. For example, a February 23, 2007 consultation from Dr. Seth Lourie (whose name Plaintiff had provided at the hearing), indicated marked pain on motion of the right shoulder. Dr. Lourie prescribed Celebrex and Valium and noted arthralgia and probable arthritis, possible fibromyalgia, muscle spasm and panic attacks. (Paper No. 30 at attachment 1). Notes from Dr. Lourie dated March 16, 2007 indicate that Claimant did not get relief from the Celebrex or Valium and testing showed

compression of the spine which causes back pain. *Id*. In addition, February 23, 2005 medical records from Washington Adventist Hospital, Department of Rehabilitation Medicine describes Claimant as "markedly disabled" and unable to perform strenuous activities. (Paper No. 30 at attachment 2). Dr. Inder Chawla made an assessment of fibromyalgia with marked functional impairment. *Id.* Dr. Chawla continued her Zoloft and Elavil medication and added Flexeril. He also ordered outpatient rehabilitation for myofacial release technique, strengthening of shoulder elevators, posture technique, physical modalities, range of motion exercises and improvement in her functional activities. *Id.* On follow up, Claimant continued to complain of marked stiffness pain in the major joints as well as lumbar pain and cervical pain and impaired walking. *Id*. Notes indicated Claimant had to use a cane for walking and that she has made "no significant improvement with worsening of her fibromyalgia." *Id.* May 6, 2005 notes describe Claimant as markedly dysfunctional with ongoing pain in the bilateral hips, lumbar area and proximal legs. However, Claimant indicated she felt stronger and symptoms were sporadic and recurrent. *Id*. December 21, 2005 notes of Dr. Chawla continue to describe continued pain and no improvement over the preceding 6 months. Dr. Chawla felt that she reached her limits as far as rehabilitative care and recommended a fibromyalgia specialist. *Id.* However, the new evidence contains a March 8, 2006 follow up office note which indicated continued difficulty with standing and walking and occasional falls. *Id. See also id* at attachment 3 (Medical Psychology Assessment of National Rehabilitation Hospital (indicating a well documented history of fibromyalgia pain).

The Commissioner's primary argument against consideration of this evidence on remand is based on Plaintiff's alleged failure to demonstrate good cause for the untimely presentation of

evidence. The records at issue were in existence at the time of ALJ's decision. At the administrative hearing, the ALJ informed Claimant (again, appearing *pro se*) that, if necessary, he would obtain additional relevant medical records at the Government's expense. R. at 265. The ALJ further told Claimant that she should provide contact information for medical sources to Rita Baker and that he would note on the record that they would try and obtain those records on her behalf. R. at 281, 284. The ALJ made clear that Plaintiff was not necessarily being asked to physically secure the records (although she could obtain them if able to), but only to provide the proper contact information so that the Commissioner could obtain them. R. at 284-85, 293. In her brief, Plaintiff indicates that she gave Ms. Baker the requested contact information within the time frame the ALJ requested and she was under the impression that the medical records were going to be included in the overall record. Admittedly, the timeliness of this communication is in dispute. Plaintiff originally stated the communication was made in July which would be after the week timeframe provided by the ALJ. In her brief, she now indicates she may have been incorrect on this date and asserts that she did provide the information in a timely manner. (Paper No. 30 at 2: indicating she spoke to Ms. Baker a few days after the hearing). As mentioned above, the ALJ indicated that no information was forthcoming. R. at 22. Interestingly, in that same paragraph in his opinion, in which he discussed whether Plaintiff provided the medical information, the ALJ continuously refers to Plaintiff as a male using the pronoun "he." *Id*. At a minimum, the record is muddied with respect to when the information was provided. In sum, the Court will weigh this factor in favor of Plaintiff, not strictly because of her *pro se* status but also based on the fact that the issue is in dispute. *See Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981) (holding good cause found to

"remand where the administrative law judge fails diligently to explore all relevant facts especially in cases of uneducated, *pro se* claimants and where the absence of counsel appears to prejudice a claimant). The Court also notes that Plaintiff made multiple filing to this Court and, while not alone significant, believes this weighs in favor of finding she did act with diligence after the date of the hearing. The Court finds that Claimant had good cause for her failure to submit this evidence at an earlier date. The Commissioner's remaining assertion that the evidence is not material is wholly without merit based on the detailed discussion of some of that evidence above.[5]

With respect to Dr. Wallace's letter dated February 28, 2009, clearly Plaintiff has satisfied the fourth factor as she attached the new evidence to her brief. *See supra* at 6. A claimant must establish that the "evidence was relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Mitchell v. Schleicher,* 699 F.2d 185, 188 (4th Cir.1983). With respect to its relevance, it is undisputed that the evidence contained therein pertains to medical treatment that occurred approximately six months after the expiration of her insured status on March 31, 2008 ("DLI"). However, the evidence still bears some relevance as it likely sheds light on her condition prior to the expiration of her insured status and to the period in time considered by the ALJ.[6] Plaintiff's condition was not due to an

---

[5] In passing, the Court also notes that there is some question as to whether Claimant was diligent in taking the prescribed action to reduce pain. *See, e.g.,* R. at 21; Paper No. 30 at 2. Upon remand, the Commissioner may well wish to expand the inquiry so as to permit a formal, factual determination as to whether Claimant has failed to follow prescribed treatment.

[6] *See Camano v. Astrue*, Civil No. 3:09CV199.2010 WL 62984 at * 8 (E.D. Va. Feb. 19, 2010) ("New evidence must relate to the determination of disability *at the time the application was first filed,* and it must not concern evidence of a later-acquired disability, or of the "subsequent deterioration of the previously non-disabling condition.") *citing Szubak v. Sec'y of Health &*

accident postdating her DLI, for example, but was based on a diagnosis of fibromyalgia made as early as 2004. The record shows evidence of muscle spasms and severe pain based on this diagnosis throughout the relevant time period. In other words, this evidence which postdates her last date insured is still relevant to determining if she was disabled during the relevant time period. *See Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) ("this Court has held that medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability"); *see Cox v. Heckler,* 770 F.2d 411 (4th Cir.1985) (remand was proper to consider post-insured status evidence where record demonstrated that claimant had a progressively deteriorating lung condition which may have reached a disabling degree by the time claimant's insured status expired); *cf. Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir.1975) ("Although the medical observations discussed in those reports were made after the relevant period for disability under the Social Security Act, they are nonetheless relevant here, where claimant has previously introduced evidence as to her history of osteoarthritis and where the new evidence reveals that claimant's present arthritic condition is the result of a degenerative process."). *But cf. Henry v.*

---

*Human Services,* 745 F.2d 831, 833 (3rd Cir.1984) *citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir.1982); *Norwood*, 2008 WL 4130854 at *3 (finding evidence relevant under *Borders* because "the evidence relates back to the period of time considered by the ALJ and is not merely cumulative"). *But cf. Wolfe v. Astrue*, Civil Action No. 3:06-0475, 2009 WL 1176449 at * 5 (S.D. W. Va. April 29, 2009) ("The Court agrees with the Commissioner. The reports, completed in 2006, 2007 and 2008, all dealing with plaintiff's right lower extremity, in no way indicate they are retrospective in nature and clearly do not apply to plaintiff's condition from April 1, 2001 through February 9, 2004, the date of the administrative law judge's decision. The new evidence does not, therefore, meet the relevance requirement."); *Mann v. Astrue*, Civil Action No. 5:07-00201, 2008 WL 906346 at *18 (S.D. W. Va. Mar. 31, 2008) (". . . the evidence is dated well after the date of the ALJ's decision and the Appeals Council's denial of review in the instant case. The Court is unable to say that it is entirely relevant because there is no indication that it relates back to the time period under consideration before the ALJ.").

*Astrue*, No. 3:09-26-JRM. 924111 (Mar. 10, 2010 D.S.C.) ("Plaintiff has not shown that the submitted 2009 medical records, for medical treatment that occurred more than three years after the expiration of her insured status (on June 30, 2006) are "relevant."). Additionally, the letter is not cumulative evidence and clearly contradicts the ALJ's findings regarding Plaintiff's ability to sit and stand. Dr. Wallace opines (based on her then 6 month treatment relationship) that Claimant is able to sit no longer than an hour and stand no longer than 20 to 30 minutes. (Paper No. 18). In his RFC, the ALJ found Plaintiff capable of both sedentary and light work. The regulations, 20 C.F.R. §404.1567(a)-(b), define light work and sedentary work, in relevant part, as follows:

   a) *Sedentary work. . ..,* a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

   (b) *Light work . . .*, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

Clearly, if accorded significant weight, the ALJ's decision "might reasonably have been different", *see Borders* at 955, because the RFC finding is no longer supported by substantial evidence. The ALJ apparently based the physical limitations incorporated in his RFC on the findings made by Dr. Sami Brahim, a non-examining stage agency physician who checked boxes indicating Plaintiff could stand and/or walk and sit for about 6 hours in an 8 hour workday. R. at 129. Dr. Brahim clearly did not have the benefit of Dr. Wallace's opinion since it was not available at the time nor did he have the benefit of any statement regarding Claimant's physical abilities from a treating or examining source. R. at 134. While Dr.

11

Wallace does not include detailed medical findings in support of her opinion, the Court nonetheless finds that it is worthy of consideration on remand. As Claimant's treating physician, Dr. Wallace's opinion is the opinion of a claimant's treating physician to be given great weight and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987). Hence, Dr. Wallace's opinion "might have reasonably" resulted in a different ALJ opinion.

Finally, the Court finds that Plaintiff has demonstrated good cause for failure to submit the evidence in a timely manner as it was not in existence at the time of the administrative proceedings. *See Michael v. Astrue*, Civil Action No. 1:08-01189, 2010 WL 697000 at * 10 (S.D. W. Va. Feb. 24, 2010) (finding good cause to exist for not submitting the evidence while the claim was pending before the Commissioner because the evidence was not in existence); *Sandy,* 2009 WL 2006882 at *20 ("There is good cause for the failure to submit the September 17, 2008, record from Dr. Douglas, because that record was not in existence while the claim was before the Commissioner."); *Moats v. Barnhart*, No. Civ.A. 7:05CV00462, 2006 WL 1134078 at *6 (W.D. Va. April 25, 2006 )("Because the records from September 1, 2005 were not in existence at the time the ALJ or Appeals Council issued their decisions, there is good cause shown as to why the records were not previously submitted for review.").

### V. Conclusion

For the reasons stated, this case shall be and hereby is REMANDED to the Commissioner for consideration of new medical evidence. The parties are advised that the court considers this remand order to be a "sentence six" remand. *See Melkonvan v. Sullivan,* 501 U.S. 89 (1991); *Shalala v. Schaefer,* 509 U.S. 292 (1993). Accordingly, the court shall

retain jurisdiction in this matter. Once the Commissioner of Social Security renders a new decision following remand, should Claimant be dissatisfied with the new decision, Claimant may petition the court for entry of an order reinstating the case on the active docket for judicial review of the new decision. Should both sides be satisfied with the Commissioner's new decision following remand, the prevailing party shall petition the court for entry of a final order adopting and ratifying the new decision.

      A separate order shall issue.

Date:   August 20, 2010                         _____/s/_____
                                                 THOMAS M. DIGIROLAMO
                                                 United States Magistrate Judge

Copies to:
Leisa Minor
7605 Erica Lane
Laurel, MD 20707

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692